(61 Misc. Rep. 593.)

## In re CHAPMAN'S ESTATE.

(Surrogate's Court, Kings County.  December, 1908.)

TAXATION (§ 883*)—TRANSFER TAXES—ESTATES CREATED.

Real Property Law (Laws 1896, p. 564, c. 547) § 30, provides that a future estate is vested when there is a person in being who would have an immediate right to take on the determination of a precedent estate, or contingent while the person to whom, or the event on which the estate is limited to take effect, remains uncertain.  Section 31 provides that the existence of an unexecuted power of appointment does not prevent the vesting of a future estate limited in default of the execution of the power.  Testator created a trust for the benefit of his daughter for life, at her death the fund to go to such persons as she might appoint, provided that, if she should not appoint, the fund should go to her issue.  The daughter, by will, appointed her children to receive the fund.  *Held*, that such appointment of the children in the will of testator's daughter effected nothing, as under testator's will they had a vested remainder, and hence the interest of the children was not taxable as passing to them under the appointment in her will.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1706; Dec. Dig. § 883.*]

In the matter of the appraisal of the estate of Maria B. Chapman, deceased, for an inheritance tax, under the acts in relation to taxable transfers of property.  From the decision of the appraiser, the executors appeal.  Reversed in part, but in all other respects confirmed.

Kelly & Hoeninghaus (James Allison Kelly and Fritz W. Hoeninghaus, of counsel), for executors.

John S. Bennett (M. James McLaughlin, of counsel), for State Comptroller.

KETCHAM, S.  The executors appeal from the decision of the transfer tax appraiser, by which a trust fund created by the will of John Davol for the benefit of his daughter, the decedent in this case, has been taxed, upon a finding that the same passes to the decedent's children by means of an appointment contained in her will.  By the father's will the fund, left in trust to the daughter for life, was at her death to go to such persons as she might lawfully appoint to receive it.  But the will further provided as follows:

"If such daughter shall fail to lawfully exercise said power of disposition by her will, or if for any cause a reversion should occur as to the same or any part thereof, they (the trustees) shall pay the same to the lawful issue of such daughter, in the same manner as if such daughter had died intestate owning the same."

Under the mother's will, there is an appointment by means of which, if it were allowed to determine the disposition of the fund, the children of the testatrix would receive the same under an absolute legal title.  It thus results that in any event the trust fund reaches the same

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

hands. The question is whether the taxable transfer was effected by the father's will without the intervention of the appointment.

Under the father's will the children of the testatrix were given a vested remainder. Real Property Law (Laws 1896, p. 564, c. 547) §§ 30, 31. Their estate, though subject to defeasance by the mother's appointment, was neither divested nor confirmed by the nomination in the mother's will of the same persons to receive the same estate. The appointment did nothing. It changed nothing.' It left the fund subject only to the operation of the earlier will. Matter of Lansing, 182 N. Y. 238, 74 N. E. 882. The interest of these children is not taxable in this proceeding, and the ruling of the transfer tax appraiser, so far as it bears upon the question herein considered, is reversed, but in other respects the report is confirmed.

. Decreed accordingly.